IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GEORGE'S AIRCRAFT REPAIR LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:24-cv-00103-O |
| TRAVELERS LLOYDS INSURANCE COMPANY, | § § § § § | |
| Defendant. | § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On November 25, 2024, the United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") (ECF No. 23) in this case. Plaintiff George's Aircraft Repair, LLC filed an Objection (ECF No. 24) on December 9, 2024. Defendant The Travelers Lloyds Insurance Company filed a Response (ECF No. 25) to Plaintiff's Objection on December 13, 2024. The District Court reviewed the Findings, Conclusions, and Recommendation and the Objection de novo. Finding no error therein, the Court **OVERRULES** Plaintiff's Objection (ECF No. 24) and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 23).

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equip. Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984). A

"district judge must only determine de novo any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3).

## II.   ANALYSIS

Plaintiff first objects to the FCR on the ground that a motion for summary judgment is not the proper procedural vehicle to limit the time frame during which attorney's fees are available.[1] According to Plaintiff, "[a] motion for summary judgment seeks to eliminate claims and defenses," but does not "seek to limit the nature of the evidence of attorney's fees allowed at trial . . . or restrict the time period during which a jury may consider awarding attorney's fees."[2] The Court disagrees.

Plaintiff proffers no caselaw to support this argument and rebut the well-reasoned findings and conclusions of the Magistrate Judge.[3] Indeed, Plaintiff merely directs the Court to one of Judge Pittman's Orders upon which the FCR relied to explain "that a motion for summary judgment is a proper procedure to seek limitation of attorney's fees for failure to provide presuit notice" under Texas Insurance Code § 542A.007.[4] Plaintiff argues Judge Pittman's Order instead "noted in *dicta* that there are varied motions for disposing of claims and defenses, such as . . . a motion for summary judgment," but did not state such a motion was "appropriate for the relief defendant sought."[5] Plaintiff's argument is unavailing. After conducting a de novo review, the Court agrees with the Magistrate Judge that a motion for summary judgment is a proper procedural vehicle to

---

[1] Pl.'s Objection 2, ECF No. 24.
[2] *Id.*
[3] *Id.* at 2–4.
[4] FCR 5, ECF No. 23 (citing Order, *Sellers v. Am. Econ. Ins. Co.*, 4:23-cv-00319-P, ECF No. 19 (N.D. Tex. Apr. 18, 2023)).
[5] Pl.'s Objection 3, ECF No. 24.

limit Plaintiff's recovery of attorney's fees under Section 542A.007.[6] Indeed, Judge Pittman's Order did not preclude statutory relief under Section 542A.007 by means of a motion for summary judgment. And, as the FCR observed, "the language of Federal Rule Civil Procedure 56 provides" that Defendant's Motion for Partial Summary Judgment "is timely and proper."[7]

Next, Plaintiff argues its evidence demonstrates a reasonable basis for concluding there was insufficient time to provide presuit notice.[8] Specifically, Plaintiff contends its evidence "establishes that [P]aintiff had no reason to believe limitations was set to expire when it retained counsel."[9] Moreover, according to Plaintiff, the impracticability exception under Texas Insurance Code § 542A applies because "[i]t is beyond dispute that [P]laintiff was not attempting to delay anything by not serving the presuit notice letter."[10] However, "Plaintiff merely reiterates its argument from its [summary judgment] response and asserts it did not engage in 'dilatory tactics' because it did not intend to cause a delay or put off a decision by not serving a presuit notice letter."[11] Indeed, the Magistrate Judge's FCR fully addressed these arguments and concluded that Plaintiff failed to provide presuit notice, "and its reason for not doing so is not legally sufficient to show impracticability under section 542A."[12] Plaintiff does not assert anything to otherwise refute the Magistrate Judge's well-grounded findings and conclusions, which support precluding Plaintiff from recovering attorney's fees incurred after August 5, 2024.

---

[6] FCR 4–5, ECF No. 23.
[7] *Id.* at 5.
[8] Pl.'s Objection 5, ECF No. 24.
[9] *Id.*
[10] *Id.* at 6.
[11] Def.'s Resp. 3, ECF No. 25.
[12] FCR 6–8, ECF No. 23.

## III. CONCLUSION

Plaintiff's Objection (ECF No. 24) is **OVERRULED**. Upon conducting a de novo review and finding no error, the Magistrate Judge's Findings and Conclusions are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that Defendant's Motion for Partial Summary Judgment (ECF No. 5) is **GRANTED**, and Plaintiff **SHALL NOT** recover attorney's fees incurred after August 5, 2024, to which it otherwise would be entitled under the Texas Insurance Code.

**SO ORDERED** on this **27th day** of **December, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**